**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1901

_____

JANET SLOAN,
  Appellant

v.

SLOAN CONSTRUCTION COMPANY; LEON SLOAN, SR.;
SARA SLOAN, jointly and severally

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:23-cv-01771)
U.S. District Judge: Honorable Cathy Bissoon

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 3, 2024

_____

Before: SHWARTZ, MATEY, and McKEE, Circuit Judges

(Filed: December 5, 2024)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

SHWARTZ, <u>Circuit Judge</u>.

Plaintiff Janet Sloan appeals the District Court's order dismissing her complaint bringing various employment claims with prejudice for failure to prosecute. For the following reasons, we will vacate and remand.

I

Plaintiff worked as a laborer at Sloan Construction Company, which is co-owned by her father and sister (collectively, "Defendants"). Plaintiff complained that she was not paid for her work and was thereafter terminated. She seeks relief under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, the Pennsylvania Wage Payment and Collection Law, 43 Pa. Cons. Stat. § 260.2a, and the Pennsylvania Minimum Wage Act, 43 Pa. Cons. Stat. §§ 333.101-333.113, as well as for breach of contract or, in the alternative, unjust enrichment. Plaintiff served Defendants but they failed to respond. Plaintiffs did not take any further action after Defendants' time to respond had expired.

The District Court thereafter entered an order directing Plaintiff to show cause why the case should not be dismissed for failure to prosecute. Plaintiff's counsel informed the Court that Plaintiff agreed to provide Defendant an extension of time to respond to the complaint that exceeded the sixty-day non-prosecution limit imposed by Federal Rule of Civil Procedure 4(d) and asked the Court to enter an order extending Defendants' time to respond. The Court granted the request and extended Defendants' time to respond to January 31, 2024. Defendants again failed to respond. Approximately two months later, the District Court entered a second order directing Plaintiff to show

cause within two days why the case should not be dismissed for failure to prosecute. Plaintiff did not respond within the Court's deadline.

Seven days after entering the second order to show cause, the District Court dismissed the complaint with prejudice stating only that Plaintiff did not timely respond to the order and that "this case will be dismissed pursuant to Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984)." A2 (Order Dismissing Case). The Court entered final judgment pursuant to Federal Rule of Civil Procedure 58 the same day.

Plaintiff appeals.

II[1]

We review the District Court's order dismissing the complaint for failure to prosecute for abuse of discretion.[2] Briscoe v. Klaus, 538 F.3d 252, 257 (3d Cir. 2008). A district court may dismiss an action sua sponte for failure to prosecute a case, see Fed. R. Civ. P. 41(b), but "'dismissals with prejudice . . . are drastic sanctions' that 'must be a sanction of last, not first, resort.'" Hildebrand v. Allegheny County, 923 F.3d 128, 132 (3d Cir. 2019) (quoting Poulis, 747 F.2d at 867, 869).

When considering dismissing a complaint with prejudice, a court must evaluate

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367(a). We have jurisdiction pursuant to 28 U.S.C. § 1291.

[2] "A district court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." McLaughlin v. Phelan Hallinan & Schmieg, LLP, 756 F.3d 240, 248 (3d Cir. 2014) (internal quotation marks and citation omitted).

3

the following factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure [to comply with court orders or rule requirements]; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis, 747 F.2d at 868 (emphases omitted).[3] A district court must make findings as to each factor, see, e.g., Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987), and we review those findings "to determine if the court properly balanced the[se] factors and whether the record supports its findings," Livera v. First Nat'l State Bank of N.J., 879 F.2d 1186, 1194 (3d Cir. 1989).

Here, while the District Court cited Poulis, it did not provide its views of each factor, as it only cited the case and noted that Plaintiff failed to respond to its second order. Without an explanation of the Court's findings, we cannot review whether the record supports its findings and how it balanced the relevant factors. See Livera, 879 F.2d at 1194. Therefore, we will remand the case for the District Court to make findings

---

[3] Courts may forgo consideration of the Poulis factors in rare circumstances that are not present here, such as those "where the plaintiff has caused delay or engaged in contumacious conduct." Guyer v. Beard, 907 F.2d 1424, 1430 (3d Cir. 1990) (affirming dismissal without a Poulis analysis where the plaintiff's behavior "made adjudication of the case impossible").

4

as to the Poulis factors.[4]

### III

For the foregoing reasons, we will vacate and remand.

---

[4] We will not conduct the Poulis analysis in the first instance as "it would require factual findings not within the parameters of our review." Livera, 879 F.2d at 1194. We express no position on the Poulis analysis or merits of the case nor are we restricting the District Court from proceeding with the case if it determines that Poulis does not warrant dismissal at this time.